that plaintiff failed to perform its contract in that respect, *held* error, it appearing that the contract was complete and unambiguous, and clearly meaning that the plaintiff was to be the arbiter as to the line of goods which defendant was to sell.

2. SET-OFF AND RECOUPMENT, § 43*—*when claim of set-off should be excluded from consideration of jury.* Where a claim of set-off is not supported by any competent evidence, it is error for the court not to exclude it from the consideration of the jury.

---

### William F. Yost, Jr., Defendant in Error, v. William F. Yost, Plaintiff in Error.

### Gen. No. 18,389.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1912.   Affirmed.   Opinion filed March 11, 1914.

### Statement of the Case.

Action by William F. Yost, Jr., against William F. Yost for money loaned.  The jury found the issues against the defendant and assessed plaintiff's damages at eight hundred and ninety-six dollars.  To reverse a judgment entered on the verdict, defendant prosecutes a writ of error.

JULIUS C. GREENBAUM, for plaintiff in error.

GEORGE J. MEIER, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 29*—*when errors assigned are not disclosed by the record.*  On writ of error to review a judg-

ment of the Municipal Court, where the stenographic report is stricken from the files of the Appellate Court and no assignment of error questions anything shown by the common law record but relates solely to matters that can appear only in a stenographic report. *Held* the judgment will be affirmed.

## C. Helmer Johnson, Administrator, Appellee, v. Chicago City Railway Company and Schwarzschild & Sulzberger Company, Appellants.

### Gen. Nos. 18,422, 18,423. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by C. Helmer Johnson, as administrator of the estate of William Peat, deceased, against Chicago City Railway Company and Schwarzschild & Sulzberger Company to recover for the wrongful death of plaintiff's intestate caused by a collision between the car upon which deceased was a passenger and a vehicle owned by defendant Schwarzschild & Sulzberger Company. It was undisputed that: The deceased was riding on the front right-hand step of the car in question, as it was being run westward on 47th street in the city of Chicago, and that at a point from thirty to seventy-five feet west of State street it collided with the wagon of the Schwarzschild & Sulzberger Company, and that in the collision the deceased received injuries from which he died.

A decided preponderance of the evidence showed that: At a point about fifty feet west of the west curb